**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN  DISTRICT OF TEXAS**
**MARSHALL  DIVISION**

**BILLY FARRIS**

**vs.**                                    CIVIL ACTION  ___2:16-cv-1142___
                                           **JURY REQUESTED**

**BEN E. KEITH COMPANY**


PLAINTIFF'S COMPLAINT

NOW COMES BILLY FARRIS, Plaintiff, and files this, his Original Complaint

complaining of BEN E. KEITH COMPANY, Defendant, and in support thereof respectfully

show this Court as follows:

**NATURE OF THE CLAIM**

1.      Plaintiff brings this employment discrimination action pursuant to 42 U.S.C. Section

1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.S. Section 2000e, et. seq.

("Title VII"), which in relevant parts prohibit discrimination in the workplace based upon an

employee's race.  The plaintiff is a black employee who is the victim of racially discriminatory

employment policies and practices.

2.  The plaintiff is an qualified employee who has been denied his employment including his

wages and benefits due him because  of the disparate impact and treatment caused by Defendant's

racially discriminatory practices and because of the race of plaintiff, African-American.

3. Plaintiff brings this cause of action to vindicate his rights guaranteed by Section 1981 and Title

VII.  Plaintiff seeks the full measure of available relief, including declaratory, equitable,

compensatory and punitive remedies, as well as statutory attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. The jurisdiction of the Court is invoked by plaintiff pursuant to 28 U.S.C.  Sections 1343(3) and 1343(4), which confers original jurisdiction upon this court in a civil action to recover damages or to secure equitable relief (i)  under any Act of Congress providing for the protection of civil rights; (ii)  under 42 U.S.C. Section 1981; (iii) under 42 U.S.C. Sections 2000e, et. seq.; (iv) under 42 U.S.C. Sections 2002, et. seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in  whole or in part, in the Eastern District of Texas.

## III. PARTIES

6. Plaintiff BILLY FARRIS  is an adult citizen who resides in the Eastern District of Texas.  He was an employee of the defendant BEN E. KEITH COMPANY,  located in Palestine, Texas.

7. Defendant BEN E. KEITH COMPANY  is a corporation registered to do business in the State of Texas.  Defendant does business in the Eastern District of Texas and can be served through its registered agent, Craig A. Woodcook, 601 East 7th St., Fort Worth, Texas 76113.

## IV.

## PROCEDURAL REQUIREMENTS

8. Paragraphs 1-7 above are incorporated herein by reference.

9. Plaintiff has filed timely complaints with the Equal Employment  Opportunity Commission ("EEOC"). On or about August 23, 2016, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of those Plaintiffs' claims.   Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

## V. STATEMENT OF THE CLAIM

10. Plaintiff is a black male, who on or about 2003 was hired by the defendant at the facility in Palestine, Texas.

11.  Plaintiff and other African American Employees were paid less for doing the same job.

12. White employees, with less experience , were promoted over African American employees.

13. African American Employees were told there were no openings for certain job positions; however, white employees were hired for said positions.

14.  Non African American employees were treated more favorably at work by the Defendant, than African American employees.   Some of the  non African American employees were Ray Wortham, Alex Smith, Jimmy Gaines, Calvin Lester, Troy McNaughty, Carlos Castro, and Eric Castro.

15. African American employees were not provided helpers, even though they transported more product than the white employees, who were provided helpers on the trucks.

16.  White employees that failed a drug test were sent to drug rehabilitation, whereas black employees were demoted.

17.  White employees received charges of driving while intoxicated, but were not demoted.

18. Over the years Defendant has engaged in a pattern of discrimination against African American employees.

19. Plaintiff alleges that Defendant discriminated against him because of his race in violation of 42 U.S.C. Section 1981, in making demands on Plaintiff that were not required of white employees.

20.  As a result of defendant's acts or omissions, Plaintiff has been damaged in that he has lost wages and fringe benefits in the past and will, in reasonable probability suffer a loss of future earnings and benefits. Plaintiff has also suffered mental anguish in the past and will, in reasonable probability, suffer mental anguish In the future.

21.  Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to the state-protected rights of Plaintiff in discharging him or discriminating against him and that as a result he is entitled to recover exemplary and/or punitive damages. Plaintiff believes that exemplary and/or punitive damages in the sum of $250,000.00 would be sufficient to prevent this type of conduct in the future by Defendant and to set an example to others contemplating such conduct.

22. On September 29, 2015, Plaintiff complained about not being paid correctly, with two of his supervisors, Carlos Castro and Keith Williamson.

23. Shortly thereafter, on or about October 20, 2015, Plaintiff was terminated for being a penny ($.01 short).

24. Other white employees played golf on company time, and were only suspended for a short period of time.

## COUNT I

25. Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 24 as set forth in full herein.

26.  Defendant has discriminated against Plaintiff because of his race in violation of Title VII, and the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Sections 2000e, et. seq., by making employment decisions based on race, and by denying plaintiff equal terms and conditions of employment.

## COUNT II

## RETALIATION CLAIM

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 26 as set

forth in full herein.

28.  The act of terminating Plaintiff after he complained not being paid correctly is in violation of the Fair Labor Standard's Act Anti-Retaliation Provision, 29 U.S.C. Sec. 215(a)(3).

## DAMAGES

29. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

30. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

31. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

## ATTORNEY FEES

32. It was necessary for the plaintiff to retain the undersigned attorneys to represent him in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

PRAYER FOR RELIEF

33. WHEREFORE, Plaintiff respectfully request that this court  grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights guaranteed by 42 U.S.C. Section 1981, Title VII.

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any past lost wages, including lost fringe benefits and back pay, including, without limitation, any lost benefits that would have otherwise, which resulted from  the illegal discrimination;

(d) Award Plaintiff any future lost wages, including lost fringe benefits and future pay, including, without limitation, any future benefits that would have otherwise occurred, had it not been for the illegal discrimination;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff the costs of this action, including the fees  and costs of experts, together with reasonable attorneys' fees;

(g) Grant an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation;  and

(h) Grant Plaintiff such other and further relief as this court  finds necessary and proper.

Respectfully submitted,
___/s/Bob Whitehurst
Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100